CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Chris Langer**, <br><br>    Plaintiff, <br><br> v. <br><br> **Michael F. Halbern**; **Stephen Halbern**; **Ben-O Inc.,** a California Corporation; and Does 1-10, <br><br>    Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Chris Langer complains of Michael F. Halbern; Stephen Halbern; Ben-O Inc., a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State

Complaint

of California.

2. Defendants Michael F. Halbern and Stephen Halbern owned the real property located at or about 1928 Lincoln Blvd. Santa Monica, California, in June 2018.

3. Defendants Michael F. Halbern and Stephen Halbern own the real property located at or about 1928 Lincoln Blvd. Santa Monica, California, currently.

4. Defendant Ben-O Inc. owned the Sushi Hanashi located at or about 1928 Lincoln Blvd. Santa Monica, California, in June 2018.

5. Defendant Ben-O Inc. owns the Sushi Hanashi restaurant ("Restaurant") located at or about 1928 Lincoln Blvd. Santa Monica, California, currently.

6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause

Complaint

of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in June 2018 with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

13. Unfortunately, the parking space marked and reserved for persons with disabilities in the parking lot of the Restaurant is not van accessible.

14. The only the parking space designed and reserved for persons with disabilities in the parking lot of the Restaurant measures 94 inches in width. The access aisle is 60 inches in width. This stall is not van accessible.

15. On information and belief, Plaintiff alleges that the defendants once had van accessible parking space marked and reserved for persons with disabilities in the parking lot of the Restaurant. Unfortunately, the van parking space was allowed to fade or get paved over.

16. Additionally, the parking space does not have the required "NO PARKING" lettering in the access aisle. And, there is a faded International Symbol of Accessibility logo in the parking stall.

17. Finally, the parking space marked and reserved for persons with

disabilities was obstructed by empty trash boxes.

18. Currently, there is no van-accessible parking space in the parking lot of the Restaurant.

19. The Defendants had no policy or plan in place to make sure that the parking space reserved for persons with disabilities remained useable prior to plaintiff's visit.

20. The Defendants have no policy or plan in place to make sure that the parking space reserved for persons with disabilities remain useable, currently.

21. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

22. Plaintiff personally encountered this barrier.

23. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty.

24. Paths of travel are another one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

25. Meanwhile, and even though plaintiff did not personally encounter the barriers, the ramp that runs up to the entrance does not have a level landing. It terminates at the door and there is no level landing whatsoever.

26. Restrooms are also one of the facilities, privileges, and advantages offered by Defendants to patrons of the Restaurant.

27. The restroom sink has a cabinet style sink that does not provide any knee clearance for wheelchair users.

28. The restroom mirror is mounted on the wall so that its bottom edge is approximately 46 inches above the floor and is not effectively used by wheelchair users.

29. There are numerous paint/stripe companies that will come and stripe accessible parking stall and access aisle and install proper signage on rapid

Complaint

notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

30. The mirror could be lowered at little to no cost.

31. Plaintiff will return to the Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

32. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

33. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

Complaint

§ 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

36. Here, the failure to provide an accessible parking space is a violation of the ADA.

37. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the

ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. 2010 Standards § 502.3.2. Under the California Building Code, a sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. CBC § 1129B.4. The surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id*.

38. Here, there was no "NO PARKING" lettering in the access aisle, in violation of the ADA.

39. Ramps must have a level landing at both the bottom and top of the ramp. 2010 Standards § 404.2.4.

40. Here, the failure to provide a level landing is a violation of the ADA.

41. Ramps with elevation changes greater than 6 inches cannot be steeper than 8.33%.

42. Here, the ramp slope does not comply with the law.

43. Sinks must provide knee clearance of at least 29 inches in height. 2010 Standards § 606.2 and § 306.

44. Here, no such knee clearance was provided and this is a violation of the ADA.

45. Mirrors shall be mounted with the bottom edge of the reflecting surface no higher than 40 inches above the finish floor. 2010 Standards § 603.3.

Complaint

46. Here, the mirror was mounted higher than the maximum permitted and is a violation of the ADA.

47. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

48. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

49. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

51. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

52. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

53. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: January 9, 2019        CENTER FOR DISABILITY ACCESS

By: _____
Chris Carson, Esq.
Attorney for plaintiff

Complaint